IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00895-CMA-MEH

DAVID LEVY, and
KELLY N. SCHULTZ,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's "Motion to Stay Discovery and Vacate the Upcoming Scheduling Conference" ("Motion"). ECF 18. The Motion is referred to this Court for disposition. ECF 19. Although Plaintiff has not yet filed a response to the Motion, the Court finds that further briefing would not materially assist in the Motion's adjudication. *See* D.C.Colo.LCivR 7.1(d). For the following reasons, the Court **grants** the Motion.

**I.    Background**

Plaintiffs initiated this action pursuant to 28 U.S.C. §§ 2671-2689 on April 14, 2022. *See* ECF 1. Plaintiff Kelly Shultz filed a Form I-130 with Citizenship and Immigration Services ("CIS") on October 11, 2016 on behalf of her husband, Plaintiff David Levy. *Id.* at ¶ 10. As Plaintiffs' Form I-130 was pending, Plaintiffs allege misconduct by Denver Field Office Immigration Officer Diane Casault. *Id.* at ¶¶ 11-12. Plaintiffs bring two causes of action, negligent supervision and negligent infliction of emotional distress. *Id.* at 6-7. The Court issued a minute

1

order on August 15, 2022, setting a scheduling conference for October 4, 2022. ECF 13. Subsequently, the Defendant filed the current Motion, requesting the Court stay discovery and vacate the upcoming scheduling conference. ECF 18. Defendant also indicated an intention to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 1.

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion.") (citation omitted). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-CV-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case).

A balance of these factors, with particular concern for fairness and efficiency, favors a temporary stay in this case. By delaying the proceedings at this stage of the litigation, resolution of the anticipated motion to dismiss could lead to resolution of this matter in its entirety. *See Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Here, the Defendant's anticipated motion to dismiss would seek to resolve this matter in its entirety. Mot. at 4. Therefore, the Court finds good cause to impose a temporary stay until the Court rules on Defendant's motion.

**III.  Conclusion**

For the foregoing reasons, the Court **grants** the Motion [filed September 26, 2022; ECF 18]. Discovery in this case is temporarily **STAYED** pending further order of the Court. The parties shall file a status report with the Court within *five business days* of any ruling on Defendant's motion to dismiss that does not completely dispose of this case.

Dated at Denver, Colorado, this 3rd day of October, 2022.

BY THE COURT:

*Michael E. Hegarty*

                                          Michael E. Hegarty
                                          United States Magistrate Judge